IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**F I L E D**

JUL 13 2017 S↳

CLERK OF CIRCUIT COURT #66
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

JOSEPH    OSBORN    and    DONALD )
OSBORN )
Plaintiffs, )
)
V. )
) NO. 17-MR-167
CITY OF COLLINSVILLE, DANIEL )
DAVIS, KELLY SULLIVAN and CODE )
HEARING DEPARTMENT OF THE )
CITY OF COLLINSVILLE )
Defendants. )

CITY OF COLLINSVILLE )
    Counter Plaintiff, )
)
v. )
)
JOSEPH OSBORN, )
DONALD OSBRON, and )
OSBORN HOMES, INC. )
    Counter Defendants. )

## COUNTERCLAIM OF CITY OF COLLINSVILLE

Comes Now City of Collinsville, Defendant/Counter Plaintiff, by and through the undersigned counsel, B. Marshall Hilmes, and for its Counterclaim against Joseph Osborn, Donald Osborn, and Osborn Homes, Inc., states as follows:

### FACTS COMMON TO ALL COUNTS

1.    At all times alleged herein, Joseph Osborn and Don Osborn owned and continues to own certain real estate situated in Madison County, Illinois, and platted Autumn Ridge, Lots 23 and 25 and Outlot A of the 17th addition to Anderson Acres, Collinsville, Illinois (the "Property").

2.      In December of 2015 building permits were issued to Donald Osborn and Osborn Homes Inc. by Robert Bohnenstiehl, Collinsville's former building inspector and Donald Osborn's father in law.

3.      Between October 26, 2016 and November 16, 2016, Defendants graded, removed trees, and/or cleared property without a grading permit using an excavator and pan scraper for the purpose of clearing, cutting, and filling, on Outlot A of the Property; in violation of Section 16.16.270 of the City of Collinsville's Code of Ordinances.

4.      The grading and clearing violation was observed by Daniel Davis, Chief Building Official, and Troy Turner, Collinsville City Engineer.

5.      The grading and clearing consists of extensive changes including an access road cut up the property and a flat area recently created midway up the hill.

6.      The excavation involves more than four (4) cubic yards dirt or material and therefore requires a major grading permit, in violation of Sec. 18.04.040 (A) of the City of Collinsville's Code of Ordinances.

7.      Building elevations are contrary to Development in Special Flood Hazard Area requirements, in violation of Sec. 15.40.050 of the City of Collinsville's Code of Ordinances.

8.      Sediment was observed coming from the property and polluting a stream from October 26, 2016 to November 16, 2016, in violation of Sec. 8.12.010 (c) of the City of Collinsville's Code of Ordinances and in violation of 33 U.S.C. Sec. 1251 the Clean Water Act.

9.      A previously unknown large culvert was placed on site, without permit, in violation of 70 ILCS 605/2-12.

10.     The City of Collinsville, as a Municipal Corporation, exercises drainage powers and is empowered by law to exercise drainage functions and maintains the City's storm sewer

system.

11.    Stop Work Order were issued and are attached as Exhibits.

12.    Notice of Violations were issued and are attached as Exhibits.

13.    Corrective Action/Abatement Orders were issued and are attached as Exhibits.

14.    Lot 23 and Lot 25 of the property have foundations with the lowest floor (including basement) below acceptable Flood Protection Elevation (FPE) requirements, in violation of Sec. 15.40.070.B.1.b of the City of Collinsville's Code of Ordinances.

15.    Rubble was dumped on lots near the creek on the property after the stop work order was issued.

## PROCEDURAL HISTORY AND SUBJECT MATTER JURISDICTION

16.    A hearing date was set for April 19, 2017 regarding the violations in Municipal Court. A motion by Plaintiff to dismiss the municipal court adjudication was made on April 14, 2017. This counter complaint is another method to enforce the provisions of its code and the Collinsville Code Enforcement hearing process is not exclusive pursuant to 65 ILCS 5/11-31.1-3.

17.    Subsequent to the April 19, 2017 hearing date, before the Collinsville Code Enforcement Hearing Department, being set a violation of the Illinois Drainage Code was identified for enforcement, Count 4.

18.    The Illinois Drainage Code, 70 ILCS 605/1-4, creates exclusive jurisdiction of circuit courts over drainage districts.

19.    The Collinsville Code Enforcement Department denied the motion to dismiss and conducted a hearing with Kelly Sullivan as Hearing Officer presiding on April 19, 2017. The record of the proceeding is included in the answer and incorporated in this counterclaim and numbered 1-234 with affidavit.

## COUNT I
## GRADING WITHOUT A GRADING PERMIT

20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 above as though fully set forth at length.

21.    From April 20, 2017 to present Joseph Osborn, Donald Osborn, and Osborn Homes Inc. were previously grading, conducting tree removal, and/or clearing of property at "the Property" and the volume was over 4 cubic yards, without a grading permit; in violation of Section 16.16.270 of the City of Collinsville's Code of Ordinances.

22.    The Property was not returned to its original condition and no grading permits were applied for or obtained.

Wherefore, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, joint and severally, ordering the Defendants:

A. To Comply with the Collinsville Municipal Code pertaining to grading permits;

B. Fines in the amount of $750 per day;

C. Any further relief deemed appropriate by this Court.

## COUNT II
## STORM-WATER DISCHARGE NUISANCE

23.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 above as though fully set forth at length.

24.    Between October 26, 2016 and April 19, 2017, Defendants, Joseph Osborn, Donald Osborn, and Osborn Homes Inc. were grading, conducting tree removal, and/or clearing of property at the Property and the site was not protected by silt fence or other storm water

pollution prevention measures causing sediment to be transported into the creek on the Property, in violation of section 8.12.010 (c), Contaminate Water Source, of the Collinsville Municipal Code.

25.     The Property was not returned to its original condition and no grading permits were applied for or obtained.

Wherefore, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, joint and severally, ordering the Defendants:

A. To Comply with the Collinsville Municipal Code pertaining to contaminating water source, Sec. 8.12.010(c).

B. Fines in the amount of $750 per day;

C. Any further relief deemed appropriate by this Court.

## COUNT III
## INTERFERENCE WITH THE NATURAL FLOW OF DRAINAGE

26.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 above as though fully set forth at length.

27.     On or about November 16, 2016, Defendants willfully and intentionally interfered with ditches and/or natural drains which cross their land in such manner that such ditches or natural drains shall fill or become obstructed with any matter which shall materially impede or interfere with the flow of water.

A large culvert was placed by the defendants and remained in a creek on the Property without approval of the City and without a hydraulic study to determine its impact on upstream neighbors, in violation of 70 ILCS 605/2-12.

Wherefore, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, joint

and severally, ordering the Defendants:

A. To Comply with the State Law, 70 ILCS 605/2-12 pertaining to the natural flow of water drainage;

B. Fines in the amount allowed by statute;

C. Any further relief deemed appropriate by this Court.

## COUNT IV
### INJUNCTION AND OTHER INCIDENTAL RELIEF

28. Plaintiff moves the court pursuant to Section 11-102 of the Code of Civil Procedure to issue an injunction ordering Defendants, Joseph Osborn, Donald Osborn, and Osborn Homes Inc., to correct the violations described herein. In support hereof, Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 above as though fully set forth at length and states as follows;

29. This is an action by a Municipality, City of Collinsville to order Defendants, Joseph Osborn, Donald Osborn, and Osborn Homes Inc., to cease construction, clear rubble from lots near creek, remove culvert and restore creek to natural state or approved modification, grade according to engineering standards pursuant to major grading permit process, build at appropriate flood protection elevation, perform and submit satisfactory soil tests for building pads, and implement proper sediment and erosion control and provide an adequate storm water pollution prevention plan on property commonly known as Lot 25, Lot 23, 319 Outlot A Autumn Ridge, 17th addition to Anderson Acres in Collinsville, Illinois ("The Property").

30. The existing conditions were created:

    a. Without the methods, procedures, and protections of a major grading permit application process.

    b. In violation of 70 ILCS 605/1-4.

    c. In violation of Collinsville's right as specified in Title 8: right to preserve, protect, and promote the public health, safety, and welfare; to conform to the master plan of the City of Collinsville.

    d. In violation of the herein cited City of Collinsville Ordinances.

31. Unless Defendants are ordered to remove the existing condition and cease building or build differently, Plaintiff will suffer immediate and irreparable harm for which there is no adequate remedy at law, for one or more of the following reasons:

    a. Collinsville's public health, safety, quality of life, comfort, and general welfare will not be preserved, protected, or promoted.

    b. Collinsville's master plan will not be conformed to.

    c. The lack of orderly layout and use of land will fail to ensure a pleasant living environment.

    d. No preservation or protection of property values throughout the City.

    e. Unable to enforce special provisions for buildings being built in known flooding areas and Special Flood Hazard Areas to allow the City and its residents to be able to participate in the National Flood Insurance Program, to protect new buildings and major improvements to buildings from flood damage, and to protect human life and health from the hazards of flooding.

    f. The value of land, improvements, and dwellings and other buildings throughout the City will not be conserved and decrease.

    g. No protection against injury or damage caused by flooding, storm water runoff, erosion, and sedimentation, and other hazards.

    h. No assurance buildings are built on suitable soil to support foundation and

footings.

WHEREFORE, Plaintiff prays that the Court:

A. Enter a preliminary injunction pursuant to 735 ILCS 5/11-102 enjoining and restraining Joseph Osborn and Donald Osborn; Defendants, and officers, agents, and employees of Defendants from circumventing the stop work order; contaminating water source; digging up, hauling away and removing dirt and earth from said property without a major grading permit; building without soil tests; building contrary to special flood hazard area requirements; impeding the flow of water through a mutual drainage way; burying objects under the surface; operating without engineering improvement plans; and/or building without further City approval; pending final determination of this cause and until the further order of this Court.

B. Grant the preliminary injunction immediately and without bond.

C. Upon final hearing and determination of this cause, grant a permanent injunction enjoining and restraining Defendants from circumventing the stop work order; contaminating a water source; digging up, hauling away and removing dirt and earth from said property without a major grading permit; building without soil tests; building contrary to special flood hazard area requirements; burying objects under the surface; impeding the flow of water through a mutual drainage way; and/or building or excavating without further City approval.

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may deem equitable and proper.

## Supreme Court Rule 572 Disclosures:

a. Prosecuting Entity: City of Collinsville.

b. Name of the defendants and address: Joseph Osborn, Donald Osborn, and

Osborn homes Inc. Address 300 Regency Centre Collinsville, IL 62234.

c. Defendants are not required to appear in court unless notified with the date time and place of appearance.

d. Defendants can plead guilty in writing and pay a maximum $750 fine for each day for each count to avoid an appearance, for counts 1 to 3.

e. Defendants may demand a jury trial by filing a jury demand and paying a jury demand fee when entering appearances, pleas, answers to the charge, or other responsive pleadings.

f. A default judgment may be entered in the event a defendant fails to appear in court or answer the charge made on a date set for the defendant's court appearance or any date to which the case is continued. Any default judgment would be for $61,500 for each count, as of July 10, 2017.

g. An arrest warrant may issue if the defendants fail to appear at any hearing after notification.

*B. Marshall Hilmes*

B. Marshall Hilmes, #6288245
301 North Main Street
Caseyville, Illinois 62232
618- 223-1875
618-589-2750 fax
collinsvilleattorney@gmail.com

## CERTIFICATE OF SERVICE

B. Marshall Hilmes, counsel for Defendant, certifies that on July 13, 2017, a copy of the attached Counterclaim was served upon each person listed below by the method indicated.

Page 9 of 10   17-MR-167

David Antognoli, Attorney for Joseph Osborn and Donald Osborn
David Antognoli
E-mail Transmission:  david@ghalaw.com

Steve Giacoletto, one of the attorneys for City of Collinsville
sgiacoeletto@scglawoffice.com

Ms. Kelly Sullivan
Hearing Officer for City of Collinsville
10326 Lincoln Trail
Fairview Heights, IL 62208
email

B. Marshall Hilmes